**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 17 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERALD MAYBERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CR-879 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
The Honorable Teresa Hall, Commissioner
Cause No. 49G16-1107-CM-50709

**April 17, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Gerald Mayberry (Mayberry), appeals his conviction for Count I, interference with reporting a crime, a Class A misdemeanor, Ind. Code § 35-45-2-5; and Count II, battery, a Class B misdemeanor, I.C. § 35-42-2-1.

We affirm.

ISSUES

Mayberry raises two issues on appeal, which we restate as follows:

(1) Whether the State produced sufficient evidence to prove beyond a reasonable doubt that he committed interference with reporting a crime; and

(2) Whether the State produced sufficient evidence to prove beyond a reasonable doubt that he committed battery.

FACTS AND PROCEDURAL HISTORY

In July of 2011, Tika Bell (Bell) and her two children lived in the Laurelwood Apartments in Indianapolis, Indiana. Bell and Mayberry had been in a relationship for approximately four months at that time. On the morning of July 17, 2011, they were in her room, and Bell was getting her children ready to go to church with her aunt. Bell was sitting on her bed combing her daughter's hair when she and Mayberry got into an argument. Bell asked Mayberry to leave and started yelling "curse words" at him. (Transcript p. 14). Mayberry approached Bell, grabbed her throat with one hand and

2

choked her. He could not get a good grip because Bell's daughter was between them, but he impeded her breathing and made it difficult for her to swallow.

When Mayberry released Bell, she told him that she was going to call the police. She picked up the phone and dialed, but Mayberry ripped the telephone cord out of the wall before her call connected. Mayberry then went downstairs, followed by Bell. Bell again told Mayberry that she was going to call the police, and he smiled at her and walked out of the house. After Mayberry's departure, Bell accessed another phone cord she had in the house and called 911.

On July 19, 2011, the State filed an Information charging Mayberry with Count I, interference with reporting a crime, a Class A misdemeanor, I.C. § 35-45-2-5; and Count II, battery, a Class B misdemeanor, I.C. § 35-42-2-1. On September 1, 2011, a bench trial was held. At the conclusion of the evidence, the trial court found Mayberry guilty of both Counts and sentenced him to 365 days, with 180 days suspended for Count I, and 180 days executed for Count II, with the sentences to run concurrently.

Mayberry now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

On appeal, Mayberry challenges the sufficiency of the evidence supporting both Counts of his conviction. In reviewing a sufficiency of the evidence claim, this court does not reweigh evidence or judge the credibility of witnesses. *Perez v. State,* 872 N.E.2d 208, 213 (Ind. Ct. App. 2007), *trans. denied.* In addition, we only consider the evidence most favorable to the judgment and the reasonable inferences stemming from

that evidence. *Id.* We will only reverse a conviction when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.* at 212-13.

I. *Interference with Reporting a Crime*

In order to convict Mayberry of interference with the reporting of a crime, the State was required to prove beyond a reasonable doubt that he "with the intent to commit, conceal, or aid in the commission of a crime, knowingly or intentionally interfere[d] with or prevent[ed] an individual from: (1) using a 911 emergency telephone system . . . ." I.C. § 35-45-2-5.

Mayberry argues that there was insufficient evidence of his intent to prevent Bell from calling 911 because he left the house after Bell told him she was going to call 911 and did not stop her from making the phone call. However, we conclude that in spite of the fact that Bell eventually called 911, there is sufficient evidence that Mayberry interfered with her call. Specifically, Bell testified that when she dialed the police, Mayberry ripped the phone cord out of the wall, thereby preventing her from completing the call. When Mayberry left shortly thereafter, Bell had to find an old phone cord in order to continue her interrupted call to 911. Thus, Mayberry interfered with Bell's call.

II. *Battery*

In order to convict Mayberry of battery as a Class B misdemeanor, the State was required to prove beyond a reasonable doubt that he "knowingly or intentionally touch[ed] another person in a rude, insolent, or angry manner." I.C. § 35-42-2-1. We

4

recognize that any touching, however slight, may constitute a battery. *Impson v. State,* 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000).

With respect to this charge, Mayberry points to his testimony that he attempted to kiss Bell rather than choke her. He also claims that the evidence presented at trial was not sufficient to support his conviction, even if we do not reweigh the evidence to take into account his testimony. However, as Mayberry acknowledges, we may not reweigh the evidence on appeal. *Perez,* 872 N.E.2d at 213. In light of that standard, we cannot agree with his argument. Bell testified that Mayberry placed his hand around her throat and choked her, thereby impeding her breathing and making it difficult for her to swallow. It is clear that this was an intentional rude and insolent touch. Thus, we conclude that the State presented sufficient evidence that Mayberry committed battery as a Class B misdemeanor.

## CONCLUSION

Based on the foregoing, we conclude that (1) the State produced sufficient evidence to prove beyond a reasonable doubt that Mayberry committed interference with reporting a crime and (2) the State produced sufficient evidence to prove beyond a reasonable doubt that Mayberry committed battery.

Affirmed.

NAJAM, J. and DARDEN, J. concur